1  Jordan S. Stanzler (State Bar No. 54620)
   Melinda Jane Steuer (State Bar No. 216105)
2  STANZLER LAW GROUP
   2275 E. Bayshore Road, Suite 100
3  Palo Alto, CA 94303
   Telephone: (650)739-0200
4  Facsimile: (650)739-0916

5  Attorneys for Respondent/Cross-Petitioner
   Kenneth C. Shaffer
6

7                        UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9

10

11 WELLS FARGO ADVISORS, LLC, a          Case No. 11-CV-01500 SC
   limited liability company,
12                                        **RESPONDENT KENNETH C.**
              Petitioner,                 **SHAFFER'S NOTICE OF MOTION**
13                                        **AND MOTION TO CONFIRM**
        vs.                               **ARBITRATION AWARD AND ENTER**
14                                        **JUDGMENT THEREON;**
   KENNETH C. SHAFFER, an individual,     **MEMORANDUM OF POINTS AND**
15                                        **AUTHORITIES IN SUPPORT**
              Respondent.                 **THEREOF**
16 _____/
                                          **DATE:**        **June 10, 2011**
17 AND RELATED COUNTERCLAIMS             **TIME:**         **10:00 a.m.**
                                          **COURTROOM:**    **1, 17th Floor**
18 _____/

19

20    **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

21         NOTICE IS HEREBY GIVEN that on June 10, 2011 at 10:00 a.m., or as soon thereafter

22 as the matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San

23 Francisco, California, 94102, in the courtroom of the Hon. Samuel Conti, Respondent and

24 Cross-Petitioner Kenneth C. Shaffer will and hereby does move the Court pursuant to 9 U.S.C. §

25 9 for an order confirming the arbitration award issued *In the Matter of the Arbitration Between*

26 *Wells Fargo Investments, LLC and Kenneth C. Shaffer,* FINRA Case No. 10-00773 and entering

27 judgment thereon. This motion is made on the grounds that confirmation of the award pursuant

28

1  to 9 U.S.C. § 9 is mandatory unless the award is vacated or corrected based upon one of the

2  grounds set forth in 9 U.S.C. §§ 10 & 11.

3       This motion is based on this Notice of Motion and Motion, the Memorandum of Points

4  and Authorities attached hereto, the Declaration of Kenneth C. Shaffer filed herewith, the

5  pleadings and papers on file herein, and upon such other matters as may be presented to the Court

6  at the time of the hearing.

7  **MEMORANDUM OF POINTS AND AUTHORITIES**

8  **I.     INTRODUCTION**

9       Cross-petitioner Kenneth C. Shaffer was a respondent and cross-claimant in an arbitration

10  action initiated by Cross-Respondent Wells Fargo Investments, LLC ("WFI"), the predecessor

11  company to Cross-Respondent Wells Fargo Advisors, LLC ("WFA"). WFI expressly agreed to

12  have all disputes with Mr. Shaffer resolved by binding arbitration before the Financial Industry

13  Regulatory Authority ("FINRA") and to abide by and perform any awards rendered by FINRA in

14  the arbitration.   The arbitration hearing was held in San Francisco, California, before a panel of

15  FINRA arbitrators, January 4, 2010 and January 5, 2010.   Mr. Shaffer prevailed at the

16  arbitration.   The arbitrators denied WFI's claims in their entirety.   The arbitrators ordered WFI

17  to pay Mr. Shaffer damages of $75,000.   WFI and its successor WFA have failed and refused to

18  pay Mr. Shaffer the damages awarded to him by the arbitrators.   Consequently, Mr. Shaffer is

19  entitled to confirmation of the award and entry of judgment thereon, pursuant to 9 U.S.C. § 9.

20  **II.    PROCEDURAL HISTORY**

21       Kenneth C. Shaffer signed a promissory note with Wells Fargo Investments, LLC

22  ("WFI"), the predecessor company to Wells Fargo Advisors, LLC ("WFA"), in January of 2008.

23  (Exh. 1.)   In that Note, WFI inserted an arbitration provision which provided that any

24  controversy regarding the validity, enforcement, or construction of this Note, or any dispute

25  concerning Mr. Shaffer's employment or termination of employment with WFI, shall be resolved

26  by binding arbitration under the rules of the National Association of Securities Dealers (now

27

28

1  known as FINRA[1]). (Exh. 1 p. 2.) This arbitration provision further provides that any state or

2  federal court with jurisdiction may enter judgment upon any arbitration award. (Exh. 1 p. 2.)

3  In February of 2010, WFI filed a Statement of Claim against Mr. Shaffer with FINRA

4  Dispute Resolution. (Exh. 2.) WFI alleged that it was entitled to recover $74,617.76 plus

5  interest and attorneys fees pursuant to the terms of the promissory note. (Exh. 2.) WFI also

6  executed and submitted a FINRA Arbitration Submission Agreement, on February 2, 2010, by

7  which it submitted the matter in controversy, including the allegations set forth in the Statement

8  of Claim, as well as all answers and all related cross claims, counterclaims and/or third party

9  claims, to binding arbitration in accordance with the FINRA By-Laws, Rules and Code of

10  Arbitration Procedure. (Exh. 3.) WFI expressly agreed to be bound by FINRA's rules and

11  procedures. (Exh. 3.) WFI agreed to abide by and perform any award(s) rendered by the

12  arbitration panel. (Exh. 3.) Finally, WFI agreed that a judgment and any interest due thereon

13  may be entered upon any such arbitration award, and that it voluntarily consented to submit to the

14  jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

15  (Exh. 3.)

16  In April, 2010, Mr. Shaffer submitted an Answer to WFI's Statement of Claim and a

17  FINRA Arbitration Submission Agreement. (Exh. 4.) In May of 2010, Mr. Shaffer submitted a

18  Counter-claim in the Arbitration. (Exh. 5.) This Counter-claim was submitted on a FINRA

19  Claim Information Sheet form, which is available on FINRA's web-site. (Exh. 5; Decl. of

20  Kenneth C. Shaffer ¶ 6.) This form lists the types of disputes and claims which FINRA hears

21  and decides, with boxes to be checked for the applicable claims. (Exh. 5.) Mr. Shaffer checked

22  the boxes for "Commissions", "Discrimination Disability", "Libel or Slander on Form U-5",

23  "Promissory Notes", "Wrongful Termination" and "Defamation" on this form. (Exh. 5.) On or

24  about May 25, 2010, WFI filed a response to Mr. Shaffer's counterclaims. (Shaffer Decl. ¶ 7.)

25

26

27  [1] The National Association of Securities Dealers changed its name to the Financial Industry Regulatory Authority ("FINRA") in 2007, when it merged with the regulatory arm of the New York Stock Exchange.

28

1   A two day evidentiary hearing was held in San Francisco, California before a FINRA

2   arbitration panel on January 4, 2011 and January 5, 2011. (Exh. 6.) The arbitrators were Thomas

3   D. Reese, Laurel Littman Gothelf, and Marlyn G. McClaskey. (Exh. 6.) WFI was represented

4   by Ronald P. Kane, Esq. of Kane & Fisher, Ltd. (Exh. 6.) Mr. Shaffer appeared in pro per.

5   (Exh. 6.) He could not afford to retain an attorney to represent him. (Shaffer Decl. ¶ 8.) The

6   panel heard extensive testimony from Mr. Shaffer, and from employees and agents of WFI.

7   (Shaffer Decl. ¶ 8.) Numerous documents were received into evidence. (Shaffer Decl. ¶ 8.)

8   On January 18, 2011, the arbitrators issued their award. (Exh. 6.) The panel denied

9   WFI's claims against Mr. Shaffer in their entirety. (Exh. 6.) The panel ruled that WFI shall pay

10  compensatory damages in the amount of $75,000.00 to Mr. Shaffer. (Exh. 6.) The panel further

11  recommended that the Termination Comment in Mr. Shaffer's Form U-5 be expunged and

12  replaced with other language, as set forth in the award. (Exh. 6.)

13  **III.   MR. SHAFFER IS ENTITLED TO CONFIRMATION OF THE ARBITRATION
        AWARD PURSUANT TO 9 U.S.C. § 9.**

14

15  Pursuant to section 9 of the Federal Arbitration Act ("FAA"), if the parties in their

16  agreement have agreed that a judgment of the court shall be entered upon the award made

17  pursuant to the arbitration, and shall specify the court, then at any time within one year after the

18  award is made any party to the arbitration may apply to the court so specified for an order

19  confirming the award, and thereupon the court must grant such an order unless the award is

20  vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA. (9 U.S.C. § 9.)

21  If no court is specified in the parties' agreement, then such application may be made to the

22  United States district court in and for the district within which such award was made. (*Id.*)

23  As set forth in 9 U.S.C. § 9, confirmation of the award is mandatory, unless it is vacated,

24  modified or corrected as prescribed in sections 10 & 11 of the FAA. (*Bosack v. Soward* 586 F.3d

25  1096, 1102 (9th Cir. 2009).) The grounds set forth in Sections 10 & 11 of the FAA are the

26  exclusive grounds for vacating and/or correcting an arbitration award under the FAA. (*Hall

27  Street Associates LLC v. Mattel, Inc.* 552 U.S. 576, 584 (2008).) The FAA does not allow an

28

1 | award to be vacated, modified or corrected for alleged erroneous legal or factual conclusions.

2 | (*Bosack, supra,* 586 F.3d at 1102.)

3 |     Here, WFI explicitly agreed that the FINRA arbitration panel had the authority to decide

4 | all claims and counterclaims. (Exhs. 1 & 3.) WFI agreed to abide by the FINRA arbitration

5 | panel's award and that judgment may be entered thereon. (Exhs. 1 & 3.) WFI further agreed that

6 | its agreements were binding upon its successors and assigns, which includes WFA. (Exh. 1.)

7 | There is no applicable statutory basis for vacating or correcting the arbitration award.

8 |     The arbitration agreement set forth in the promissory note between the parties provides

9 | that any state or federal court having jurisdiction to enter such an award may enter judgment

10 | upon any award rendered by the arbitrators. (Exh. 1.) The FINRA Arbitration Submission

11 | Agreement executed by WFI also provides that a judgment and any interest due thereon may be

12 | entered upon such award, and that the parties voluntarily consent to submit to the jurisdiction of

13 | any court of competent jurisdiction which may properly enter such judgment. (Exh. 3.) The

14 | FINRA Arbitration Submission Agreement encompasses all related cross claims and

15 | counterclaims, as well as WFI's claims. (Exh. 3.)

16 |     No court is specified in the promissory note nor in the FINRA Arbitration Submission

17 | Agreement. Consequently, Mr. Shaffer has the right to apply to this court for confirmation of

18 | the award and entry of judgment thereon, pursuant to 9 U.S.C. § 9, because this court is the

19 | district court for the district where the arbitration award was made. Mr. Shaffer has made such

20 | an application with the instant motion, and with his cross-petition to confirm the arbitration

21 | award and enter judgment thereon, on file with this court.

22 | **IV. MR. SHAFFER SHOULD BE AWARDED HIS ATTORNEYS FEES PURSUANT TO THE TERMS OF THE NOTE.**

23 |     A prevailing party in an arbitration is entitled to an award of the attorneys fees incurred in

24 | enforcing the arbitration award and confirming it as a judgment, if the agreement between the

25 | parties provides for attorneys fees. (*A.G. Edwards & Sons, Inc. v. McCollough,* 967 F.2d 1401,

26 | 1404 (9th Cir. 1992).)

27 |

28 |

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD

5

1         Here, the promissory note between the parties contains a one-sided provision for

2    attorneys fees to be awarded to WFI in the event that any action or lawsuit is required to be

3    brought for the collection of any amount under the note, including all fees involved in collection.

4    (Exh. 1, p. 2.) The note further provides that it shall be interpreted, enforced and governed by

5    California law. (Exh. 1, p. 2) Pursuant to California Civil Code § 1717, the one-sided

6    provision for attorneys fees in the note must be made reciprocal. Consequently, Mr. Shaffer is

7    entitled by contract and by law to recover the attorneys fees he has incurred in enforcing the

8    arbitration award, including the attorneys fees incurred in preparing the instant motion to confirm

9    the arbitration award and enter judgment thereon.

10   **V.   CONCLUSION**

11        Pursuant to 9 U.S.C. § 9 and the parties' agreements, and for the foregoing reasons and

12   authorities, Kenneth C. Shaffer respectfully requests this honorable court grant his cross-petition

13   to confirm the arbitration award issued in the *Matter of the Arbitration Between Wells Fargo*

14   *Investments, LLC and Kenneth C. Shaffer*, FINRA Case No. 10-00773, and enter judgment

15   thereon. Mr. Shaffer further respectfully requests this honorable court award him his attorneys

16   fees incurred in litigating the instant motion to confirm the award, in an amount to be determined

17   pursuant to motion at the appropriate time.

18   Dated: May 4, 2011                                    STANZLER LAW GROUP

19

20                                     By: *Mia Smith*

21                                       Melinda Jane Steuer
                                    Attorneys for Respondent/
                                    Cross-Petitioner Kenneth C. Shaffer

22

23

24

25

26

27

28

1   **PROOF OF SERVICE**
    [C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]
2
            I, Sharran L. Rodd, state:
3
            I am a citizen of the United States.  My business address is 2275 E. Bayshore
4   Rd., Suite 100, Palo Alto, CA 94303.  I am employed in the City of Palo Alto, County of
    Santa Clara where this mailing occurs.  I am over the age of eighteen years and not a party to
5   this action.  On the date set forth below, I served the foregoing documents described as:

6   **RESPONDENT KENNETH C. SHAFFER'S NOTICE OF MOTION AND MOTION TO**
    **CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON;**
7   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
    **DECLARATION OF KENNETH C. SHAFFER IN SUPPORT OF MOTION TO**
8   **CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON**

9   on the following person(s) in this action via ECF addressed as follows:

10  Fredrick A. Rafeedie, Esq.
    Samuel E. Endicott, Esq.
11  Jones, Bell, Abbott, Fleming & Fitzgerald LLP
    601 South Figueroa Street, 27th Floor
12  Los Angeles, CA 90017-5759

13
    X:      Filed and Served electronically in accordance with the Court's electronic filing
14          ("ECF") rules, pursuant to which registered ECF users receive service copies by e-
            mail delivery.
15
            I declare under penalty of perjury under the laws of the State of California that the
16  foregoing is true and correct and that this declaration was executed this date at Palo Alto,
    California.
17
    Dated: May 4, 2011
18
19                                                              Sharran L. Rodd
20
21
22
23
24
25
26
27
28