# Exhibit 2

Case3:11-cv-01500-SC Document27-2 Filed05/04/11 Page1 of 14

FINRA DISPUTE RESOLUTION, INC.

IN THE MATTER OF THE ARBITRATION BETWEEN

WELLS FARGO INVESTMENTS, LLC,

Claimant

-and-

KENNETH C. SHAFFER,

Respondent.

No.

## STATEMENT OF CLAIM IN ARBITRATION

NOW COMES Claimant, Wells Fargo Investments, LLC ("Wells Fargo"), by its attorneys, Kane & Fischer, Ltd., and for its Statement of Claim in Arbitration against Kenneth C. Shaffer ("Respondent"), alleges as follows:

### PARTIES

1. Wells Fargo, at all times material hereto, was a broker-dealer, registered as such with the U.S. Securities and Exchange Commission and, among others, the State of California. Wells Fargo is a member of the Financial Industry Regulatory Authority, Inc. ("FINRA"), f/k/a the National Association of Securities Dealers, Inc. ("NASD"). (Hereinafter, unless otherwise specified, FINRA and the NASD shall be collectively referred to as "FINRA.")

2. Respondent was employed as a registered representative by Wells Fargo from June 2006 through October 1, 2009, in one of Wells Fargo's offices located in Folsom, California. During his employment with Wells Fargo, Respondent was an associated person of a member of FINRA.

## JURISDICTION AND HEARING VENUE

3. FINRA has jurisdiction to hear and decide this controversy, and Respondent is bound to arbitrate in accordance with Rule 13200(a) of the FINRA Code of Arbitration Procedure for Industry Disputes.

4. On or about January 4, 2008, Respondent voluntarily entered into a promissory note with Wells Fargo. Pursuant to the terms of the promissory note, Respondent agreed that any controversy regarding the validity, enforcement or construction of the promissory note or any dispute concerning Respondent's employment or termination of employment with Wells Fargo would be resolved by arbitration in accordance with the rules of FINRA.

5. Wells Fargo respectfully requests that the hearing in this case be scheduled in San Francisco, California, pursuant to Rule 13213(a) of the FINRA Code of Arbitration Procedure for Industry Disputes, as it is the hearing location that is closest to the location where the associated person was employed at the time the dispute arose.

## FACTS

6. On or about January 4, 2008, Wells Fargo loaned Respondent $111,347.00. The loan was evidenced by an unambiguous written promissory note signed by Respondent on January 4, 2008 (the "Note"), a copy of which is attached hereto as Exhibit A.

7. By the terms of the Note, Respondent agreed to repay $111,347.00 plus simple interest at the rate of 3.58% per annum. Pursuant to the terms of the Note, Wells Fargo was to forgive the principal and interest under the Note in sixty (60) equal monthly increments commencing on the first day of the month following the disbursement of the proceeds of the Note and continuing each month thereafter, but only if Respondent had, at all times from the date of the Note, remained in the employment of Wells Fargo.[1]

---

[1] The forgiveness installments under the Note commenced on February 1, 2008.

2

8. The Note provides, inter alia, that the outstanding balance due under the Note shall immediately become due and payable without notice, protest, presentment or demand upon the termination of Respondent's employment with Wells Fargo "for any reason whatsoever," and interest shall continue to accrue on the unpaid balance until the same is paid in full.

9. The Respondent's termination from Wells Fargo occurred on October 1, 2009. At the time of his termination, there remained $74,617.76 in principal due and owing under the Note. In addition, interest at the rate of 3.58% per annum ($7.32 per day) has accrued since October 1, 2009, and will continue to accrue until Respondent has re-paid the remaining balance of the loan he received from Wells Fargo.

10. On October 20, 2009, Wells Fargo made a written demand upon the Respondent for payment of amounts owed under the Note. A copy of the demand letter is attached hereto as Exhibit B. To date, Respondent has refused, and continues to refuse, to honor his obligation under the Note.

11. As a result of Respondent's failure to honor his obligations to Wells Fargo, Wells Fargo has been forced to commence this action, and to retain counsel to represent it in this action. Accordingly, Wells Fargo has incurred attorneys' fees and other costs that it would not have incurred had Respondent honored his obligations to Wells Fargo. Pursuant to the terms of the Note, Respondent agreed that he would pay reasonable attorneys' fees and costs, including all fees and costs involved in collection.

12. Wells Fargo has performed all terms and conditions required of it under the Note.

13. There is due and owing to Wells Fargo in excess of $74,617.76, which includes: a.) $74,617.76 principal balance due and owing under the Note as of October 1, 2009; b.) interest at the rate of 3.58% per annum ($7.32 per day) on the principal balance from October 1, 2009 to the date Respondent satisfies his obligations to Wells Fargo; and c.) all costs of collection,

3

including, but not limited to, attorneys' fees, filing fees and all costs and expenses associated with arbitration.

WHEREFORE, Wells Fargo Investments, LLC respectfully requests that it be granted an award against Respondent for the following:

| | | | |
|---|---|---|---|
| A. | The principal balance due and owing under the Note; | | $74,617.76 |
| B | Interest at the rate of 3.58% per annum ($7.32 per day) on the principal balance due and owing under the Note from the date of default (October 1, 2009) to the date of payment; | | (Unknown at this time) |
| C | The costs of collection and of this proceeding including attorneys' fees as agreed to under the terms of the Note; and | | (Unknown at this time) |
| D | Any and all further relief that the panel deems just and proper. | | (Unknown at this time) |

Respectfully submitted,

Wells Fargo Investments, LLC

By: _____
One of its Attorneys

Thomas A. Volz
KANE & FISCHER, LTD.
208 South LaSalle Street, Suite 1800
Chicago, IL 60604
(312) 422-7200 Telephone
(312) 422-7217 Facsimile

4

**EXHIBIT A**
**PROMISSORY NOTE DATED JANUARY 4, 2008**

## PROMISSORY NOTE

In consideration of a loan of one hundred eleven thousand three hundred forty-seven dollars ($111,347), paid to Kenneth C. Shaffer ("the Undersigned"), the Undersigned promises to pay to the order of Wells Fargo Investments, LLC ("WF") at its offices at 420 Montgomery Street, San Francisco, CA 94104, the sum of one hundred eleven thousand three hundred forty-seven dollars ($111,347), plus simple interest at a rate of 3.58% per annum on the unpaid balance.

This Note arises from and reflects a debt justly due to WF, which debt is agreed by the Undersigned to be due and payable on demand. The Undersigned may prepay the full amount due at any time without penalty. WF in its sole discretion may demand payment at any time.

The outstanding balance due under this Note shall, immediately become due and payable without notice, protest, presentment, or demand upon the happening of any of the following specified events of default:

1. The termination of the Undersigned's employment with WF (or one of its subsidiaries) for any reason whatsoever, including, but not limited to involuntary termination of the Undersigned;

2. The entry of an order for relief in a bankruptcy case in which the Undersigned is the debtor, or the making of an assignment for the benefit of creditors by the Undersigned, or the inability of the Undersigned to pay the Undersigned's debts generally as they become due, or the liabilities of the Undersigned exceeding the Undersigned's assets, or the appointment of a custodian or receiver for substantially all of the undersigned's property; or

3. The entry of an order against the Undersigned by a court or regulatory agency barring or suspending the Undersigned from the conduct of his/her employment at WF.

The Undersigned promises to advise WF in writing as soon as reasonably possible should any of the above events of default occur.

Except as otherwise set forth above, the principal and interest due under this Note shall be forgiven and taxed in sixty (60) equal monthly increments commencing on the first day of the month following the disbursement of the proceeds of the Note and continuing each month thereafter. Each increment that is forgiven shall include both principal and interest. The compensation and withholding will be reported in the appropriate pay period for each monthly forgiveness. If your earnings for the month are not sufficient to cover the withholding, you may not receive a paycheck until the entire amount of withholding is paid. If any events of default as described above occur, the unpaid and unforgiven portion of the principal amount shall become immediately due and payable to WF, and interest shall continue to accrue on the unpaid balance until the same is fully paid.

EXHIBIT A   Page 11

Furthermore, to the extent permissible under California law, the Undersigned agrees that any unpaid amounts due under this Note shall constitute a lien immediately reducible to cash on (1) the Undersigned's final or regular pay and (2) any brokerage accounts held in the name of the Undersigned or on which the Undersigned appears with WF (whether or not such accounts are held as joint account with another or others), until the amount of the lien has been satisfied.

Any controversy regarding the validity, enforcement or construction of this Note or any dispute concerning the Undersigned's employment or termination of employment with WF shall be resolved by arbitration under the then-prevailing Rules of the National Association of Securities Dealers ("NASD"). Any state or federal court having jurisdiction to enter such an award may enter judgment upon any award rendered by the arbitrator(s), and the Undersigned hereby waives personal service of any petitions to confirm such awards, including any papers supporting those petitions, and agree to accept service by regular mail. In the event the NASD for any reason declines to accept jurisdiction of such controversy, it shall then be resolved by a court of competent jurisdiction.

In the event any action or lawsuit is required to be brought for collection of any amount under this Note, the Undersigned promises to pay reasonable attorney's fees and costs, including all fees and costs involved in collection.

This Note shall be interpreted, enforced, and governed by the laws of the State of California. The Undersigned has reviewed the terms of this Note and has participated in its drafting, and agrees that the rule of construction by which ambiguities are resolved against the drafting party shall not apply in any interpretation of it. If any provision or any part of any provision of this Note is for any reason held to be invalid, unenforceable or contrary to public policy, law statute or ordinance, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

The Undersigned executes this Note without reliance on any oral representations. This Note contains the entire agreement between the Undersigned and WF with respect to the matters addressed in it, and supersedes all prior agreements, written or oral, between the Undersigned and WF on such matters. No other agreement, statement of promise made by any party with respect to any of the matters addressed in this Note will be binding or valid.

The Undersigned understands that the Undersigned is employed on an at-will basis. This Note does not constitute an agreement by WF to employ the Undersigned for a specified period of time, and the Undersigned's employment may be terminated at any time, with or without notice or cause.

The Undersigned agrees that any amounts due under this Note are not consumer debt, and that any debt incurred hereunder is not primarily for personal, family or household purposes, but for business and commercial purposes only.

This Note may be modified or amended only if the modification or amendment is made in writing, refers specifically to this Note, and is signed by the Undersigned and an Executive Vice President of WF. Extensions or renewals of the Undersigned's right or liabilities under this Note from time to time, with or without notice, shall not release the Undersigned from liability.

The terms of this Note shall apply to, bind, and inure to the benefit of WF and the Undersigned, and their respective heirs, successors, assigns and legal representatives.

The Undersigned agrees to treat the facts and terms of this Promissory Note as confidential and, as such, will not discuss the Promissory Note with any person except for those individuals who have a legitimate need to know including family members (if applicable), managers and human resources representatives.

_____
Kenneth C Shaffer

Sworn to before me this 4th day of January, 2005

State of California,
County of Sacramento

DANNY KIRK
Comm. # 1541753
NOTARY PUBLIC-CALIFORNIA
Placer County
My Comm. Expires Jan 4, 2009

_____
Notary Public

3



## Promissory Note Amortization Schedule

Prepared for : KENNETH C SHAFFER
5315 GARLENDA DRIVE,
EL DORADO HILLS, CA, 95762

Original Balance: $111,347.00
Interest Rate: 3.58%
Total Number of Payments: 60
Start Date: Friday, February 01, 2008

| Payment # | Payment Date | Rate | P & I Payment | Principal | Interest | New Balance | Cumulative Interest | Yearly Total Interest |
|---|---|---|---|---|---|---|---|---|
| 1 | 2/1/2008 | 3.58% | $2,029.59 | $1,697.40 | $332.19 | $109,649.60 | $332.19 | $332.19 |
| 2 | 3/1/2008 | 3.58% | $2,029.59 | $1,702.47 | $327.12 | $107,947.13 | $659.31 | $659.31 |
| 3 | 4/1/2008 | 3.58% | $2,029.59 | $1,707.55 | $322.04 | $106,239.59 | $981.35 | $981.35 |
| 4 | 5/1/2008 | 3.58% | $2,029.59 | $1,712.64 | $316.95 | $104,526.95 | $1,298.31 | $1,298.31 |
| 5 | 6/1/2008 | 3.58% | $2,029.59 | $1,717.75 | $311.84 | $102,809.20 | $1,610.15 | $1,610.15 |
| 6 | 7/1/2008 | 3.58% | $2,029.59 | $1,722.87 | $306.72 | $101,086.32 | $1,916.86 | $1,916.86 |
| 7 | 8/1/2008 | 3.58% | $2,029.59 | $1,728.01 | $301.58 | $99,358.31 | $2,218.44 | $2,218.44 |
| 8 | 9/1/2008 | 3.58% | $2,029.59 | $1,733.17 | $296.42 | $97,625.14 | $2,514.86 | $2,514.86 |
| 9 | 10/1/2008 | 3.58% | $2,029.59 | $1,738.34 | $291.25 | $95,886.80 | $2,806.11 | $2,806.11 |
| 10 | 11/1/2008 | 3.58% | $2,029.59 | $1,743.53 | $286.06 | $94,143.27 | $3,092.17 | $3,092.17 |
| 11 | 12/1/2008 | 3.58% | $2,029.59 | $1,748.73 | $280.86 | $92,394.55 | $3,373.04 | $3,373.04 |
| 12 | 1/1/2009 | 3.58% | $2,029.59 | $1,753.94 | $275.65 | $90,640.60 | $3,648.68 | $275.65 |
| 13 | 2/1/2009 | 3.58% | $2,029.59 | $1,759.18 | $270.41 | $88,881.43 | $3,919.10 | $546.06 |
| 14 | 3/1/2009 | 3.58% | $2,029.59 | $1,764.42 | $265.17 | $87,117.00 | $4,184.26 | $811.22 |
| 15 | 4/1/2009 | 3.58% | $2,029.59 | $1,769.69 | $259.90 | $85,347.31 | $4,444.16 | $1,071.13 |
| 16 | 5/1/2009 | 3.58% | $2,029.59 | $1,774.97 | $254.62 | $83,572.34 | $4,698.78 | $1,325.75 |
| 17 | 6/1/2009 | 3.58% | $2,029.59 | $1,780.26 | $249.33 | $81,792.08 | $4,948.11 | $1,575.07 |
| 18 | 7/1/2009 | 3.58% | $2,029.59 | $1,785.57 | $244.02 | $80,006.51 | $5,192.13 | $1,819.09 |
| 19 | 8/1/2009 | 3.58% | $2,029.59 | $1,790.90 | $238.69 | $78,215.60 | $5,430.81 | $2,057.78 |
| 20 | 9/1/2009 | 3.58% | $2,029.59 | $1,796.24 | $233.35 | $76,419.36 | $5,664.16 | $2,291.12 |
| 21 | 10/1/2009 | 3.58% | $2,029.59 | $1,801.60 | $227.99 | $74,617.76 | $5,892.15 | $2,519.11 |
| 22 | 11/1/2009 | 3.58% | $2,029.59 | $1,806.98 | $222.61 | $72,810.78 | $6,114.76 | $2,741.72 |
| 23 | 12/1/2009 | 3.58% | $2,029.59 | $1,812.37 | $217.22 | $70,998.41 | $6,331.98 | $2,958.94 |
| 24 | 1/1/2010 | 3.58% | $2,029.59 | $1,817.78 | $211.81 | $69,180.63 | $6,543.79 | $211.81 |
| 25 | 2/1/2010 | 3.58% | $2,029.59 | $1,823.20 | $206.39 | $67,357.43 | $6,750.18 | $418.21 |
| 26 | 3/1/2010 | 3.58% | $2,029.59 | $1,828.64 | $200.95 | $65,528.80 | $6,951.14 | $619.16 |
| 27 | 4/1/2010 | 3.58% | $2,029.59 | $1,834.09 | $195.50 | $63,694.70 | $7,146.63 | $814.65 |

Thursday, January 03, 2008

Page 1 of 2

| Payment # | Payment Date | Rate | Payment | Principal | Interest | New Balance | Cumulative Interest | Yearly Total Interest |
|---|---|---|---|---|---|---|---|---|
| 28 | 5/1/2010 | 3.58% | $2,029.59 | $1,839.57 | $190.02 | $61,855.14 | $7,336.68 | $1,004.68 |
| 29 | 6/1/2010 | 3.58% | $2,029.59 | $1,845.05 | $184.54 | $60,010.08 | $7,521.19 | $1,189.21 |
| 30 | 7/1/2010 | 3.58% | $2,029.59 | $1,850.56 | $179.03 | $58,159.53 | $7,700.23 | $1,368.25 |
| 31 | 8/1/2010 | 3.58% | $2,029.59 | $1,856.08 | $173.51 | $56,303.45 | $7,873.74 | $1,541.76 |
| 32 | 9/1/2010 | 3.58% | $2,029.59 | $1,861.62 | $167.97 | $54,441.83 | $8,041.71 | $1,709.73 |
| 33 | 10/1/2010 | 3.58% | $2,029.59 | $1,867.17 | $162.42 | $52,574.66 | $8,204.13 | $1,872.15 |
| 34 | 11/1/2010 | 3.58% | $2,029.59 | $1,872.74 | $156.85 | $50,701.92 | $8,360.98 | $2,029.00 |
| 35 | 12/1/2010 | 3.58% | $2,029.59 | $1,878.33 | $151.26 | $48,823.59 | $8,512.24 | $2,180.27 |
| 36 | 1/1/2011 | 3.58% | $2,029.59 | $1,883.93 | $145.66 | $46,939.66 | $8,657.90 | $145.66 |
| 37 | 2/1/2011 | 3.58% | $2,029.59 | $1,889.55 | $140.04 | $45,050.11 | $8,797.94 | $285.70 |
| 38 | 3/1/2011 | 3.58% | $2,029.59 | $1,895.19 | $134.40 | $43,154.92 | $8,932.34 | $420.10 |
| 39 | 4/1/2011 | 3.58% | $2,029.59 | $1,900.84 | $128.75 | $41,254.08 | $9,061.09 | $548.85 |
| 40 | 5/1/2011 | 3.58% | $2,029.59 | $1,906.51 | $123.08 | $39,347.57 | $9,184.17 | $671.92 |
| 41 | 6/1/2011 | 3.58% | $2,029.59 | $1,912.20 | $117.39 | $37,435.37 | $9,301.56 | $789.31 |
| 42 | 7/1/2011 | 3.58% | $2,029.59 | $1,917.91 | $111.68 | $35,517.46 | $9,413.24 | $901.00 |
| 43 | 8/1/2011 | 3.58% | $2,029.59 | $1,923.63 | $105.96 | $33,593.83 | $9,519.20 | $1,006.96 |
| 44 | 9/1/2011 | 3.58% | $2,029.59 | $1,929.37 | $100.22 | $31,664.47 | $9,619.43 | $1,107.18 |
| 45 | 10/1/2011 | 3.58% | $2,029.59 | $1,935.12 | $94.47 | $29,729.35 | $9,713.90 | $1,201.65 |
| 46 | 11/1/2011 | 3.58% | $2,029.59 | $1,940.90 | $88.69 | $27,788.45 | $9,802.59 | $1,290.35 |
| 47 | 12/1/2011 | 3.58% | $2,029.59 | $1,946.69 | $82.90 | $25,841.77 | $9,885.50 | $1,373.25 |
| 48 | 1/1/2012 | 3.58% | $2,029.59 | $1,952.49 | $77.10 | $23,889.27 | $9,962.59 | $77.10 |
| 49 | 2/1/2012 | 3.58% | $2,029.59 | $1,958.32 | $71.27 | $21,930.95 | $10,033.86 | $148.37 |
| 50 | 3/1/2012 | 3.58% | $2,029.59 | $1,964.16 | $65.43 | $19,966.79 | $10,099.29 | $213.80 |
| 51 | 4/1/2012 | 3.58% | $2,029.59 | $1,970.02 | $59.57 | $17,996.77 | $10,158.86 | $273.37 |
| 52 | 5/1/2012 | 3.58% | $2,029.59 | $1,975.90 | $53.69 | $16,020.88 | $10,212.56 | $327.06 |
| 53 | 6/1/2012 | 3.58% | $2,029.59 | $1,981.79 | $47.80 | $14,039.08 | $10,260.35 | $374.86 |
| 54 | 7/1/2012 | 3.58% | $2,029.59 | $1,987.70 | $41.89 | $12,051.38 | $10,302.24 | $416.74 |
| 55 | 8/1/2012 | 3.58% | $2,029.59 | $1,993.63 | $35.96 | $10,057.74 | $10,338.19 | $452.70 |
| 56 | 9/1/2012 | 3.58% | $2,029.59 | $1,999.58 | $30.01 | $8,058.16 | $10,368.20 | $482.71 |
| 57 | 10/1/2012 | 3.58% | $2,029.59 | $2,005.55 | $24.04 | $6,052.61 | $10,392.24 | $506.75 |
| 58 | 11/1/2012 | 3.58% | $2,029.59 | $2,011.53 | $18.06 | $4,041.08 | $10,410.30 | $524.81 |
| 59 | 12/1/2012 | 3.58% | $2,029.59 | $2,017.53 | $12.06 | $2,023.55 | $10,422.36 | $536.87 |
| 60 | 1/1/2013 | 3.58% | $2,029.46 | $2,023.55 | $6.04 | $0.00 | $10,428.40 | $6.04 |
| | | | $121,775.27 | $111,347.00 | $10,428.40 | | | |

Thursday, January 03, 2008

Page 2 of 2

**EXHIBIT B**
**DEMAND LETTER**

# Kane & Fischer, Ltd.

Attorneys & Counselors
208 South LaSalle Street
Suite 1800
Chicago, IL 60604
312.422.7200
Fax: 312.422.7217

Jason R. Lindsay
312.422.7212
jlindsay@kflltd.com

October 20, 2009

CERTIFIED MAIL/RETURN RECEIPT
REQUESTED AND REGULAR MAIL
Kenneth C. Shaffer
5315 Garlenda Dr
El Dorado Hills, CA 95762

Re: Wells Fargo Investments, LLC / Kenneth C. Shaffer
    Total Amount Due as of October 20, 2009: $74,756.84
    Our File Number: 5248z008

Dear Mr. Shaffer:

Wells Fargo Investments, LLC ("Wells Fargo") has referred a collection claim to me relating to a Promissory Note that you entered into with Wells Fargo on or about January 4, 2008 (the "Note"). As of today's date, the total amount that you owe to Wells Fargo under the Note is $74,756.84.

Pursuant to the terms of the Note, the principal balance due at the time of your termination from Wells Fargo on October 1, 2009 was $74,617.76. Also, pursuant to the terms of the Note, interest at the rate of 3.58% per annum ($7.32 per day) has accrued since October 1, 2009, and will continue to accrue until the Note is paid. As of today's date, that additional interest amounts to $139.08. Accordingly, as of today's date, the balance owed on the Note is $74,756.84, and interest is accruing at the rate of $7.32 per day.

If you want to resolve this matter without an arbitration proceeding, you must, within thirty days, either pay the balance owed (by forwarding a check to this office in the amount of $74,756.84, plus additional accrued interest, made payable to Wells Fargo Investments, LLC), or call me at 312/422-7212 to work out acceptable arrangements for payment to be made. If you do neither of these things, or if we are unable to work out acceptable arrangements, I will be entitled to file an arbitration proceeding against you with FINRA Dispute Resolution, Inc. seeking the collection of the full amount of the debt, including accrued and accruing interest, attorneys' fees and costs, pursuant to the terms of the Notes, when the thirty days have expired.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, I will assume that it is valid. If you do dispute it, by notifying me in writing to that effect, I am required by law to obtain and mail to you proof of the debt. Also according to federal law, if you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

# Kane & Fischer, Ltd.

Kenneth C. Shaffer
October 20, 2009
Page 2

I am enclosing herewith a copy of the Note, as well as a related Amortization Schedule, as proof of the debt. In addition, please be advised at this time that the original creditor of the debt is Wells Fargo Investments, LLC whose corporate address is 420 Montgomery Street, San Francisco, California 94104. Since I am supplying you now with proof of the debt and the name and address of the original creditor, I will not be required by law to suspend my efforts to collect the debt.

This is an attempt to collect a debt on behalf of Wells Fargo Investments, LLC, and any information obtained will be used for that purpose.

Very truly yours,

KANE & FISCHER, LTD.

Jason R. Lindsay

JRL/gmc
Enclosures