# Exhibit 6

Award
FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Claimant/Counter-Respondent

Case Number: 10-00773

Wells Fargo Investments, LLC

Respondent/Counter-Claimant

Hearing Site: San Francisco, California

Kenneth C. Shaffer

Nature of the Disputes:

Member vs. Associated Person

Associated Person vs. Member

## REPRESENTATION OF PARTIES

Claimant/Counter-Respondent, Wells Fargo Investments, LLC, hereinafter referred to as "Claimant" or "Wells Fargo": Ronald P. Kane, Esq., Kane & Fischer, Ltd., Chicago, Illinois.

Respondent/Counter-Claimant, Kenneth C. Shaffer, hereinafter referred to as "Respondent" or "Shaffer": Pro se, El Dorado Hills, California.

## CASE INFORMATION

Statement of Claim filed: February 17, 2010.

Claimant signed the Submission Agreement: February 2, 2010.

Statement of Answer filed by Respondent on or about: April 14, 2010.

Counterclaims filed by Respondent on or about: April 30, 2010.

Claimant's Response to Counterclaims filed on or about: May 25, 2010.

Respondent signed the Submission Agreement: April 12, 2010.

## CASE SUMMARY

Claimant alleged that Respondent failed to pay money owed on a promissory note that became due and payable upon the termination of Respondent's employment with Claimant. Claimant's claim involves an alleged promissory note signed by Respondent on January 8, 2008 (the "Note").

Unless specifically admitted in his Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In his Counterclaims, Respondent alleged 1) denial of disability benefits; 2) wrongful termination; 3) failure to pay commissions; 4) breach of the covenant of good faith and fair dealing; 5) breach of fiduciary responsibility; 6) violation of Article 75, Bills of Exchange and Promissory Note Act; and 7) libel and slander on his Form U5.

In its response to Respondent's Counterclaims, Claimant denied the allegations made in the Counterclaims.

## RELIEF REQUESTED

In the Statement of Claim, Wells Fargo requested:
1. The principal balance due and owing under the Note in the sum of $74,617.76;
2. Interest at the rate of 3.58% per annum ($7.32 per day) on the principal balance due and owing under the Note from the date of default (October 1, 2009) to the date of payment;
3. Costs, including attorneys' fees as agreed to under the terms of the Note; and
4. Any and all relief the Panel deems just and proper.

In his Answer to the Statement of Claim, Shaffer requested that the promissory note be found void and unenforceable.

In his Counterclaims, Shaffer requested:
1. Compensatory damages in the sum of $170,000.00;
2. Punitive damages in the sum of $830,000.00;
3. An adjustment of entries made to his Form U5;
4. An order that Claimant stop wrongful terminations; inform and counsel terminated employees of their rights and the effect of Form U5 entries, and provide terminated employees T-12 records;
5. Attorneys' fees in the amount of $500.00; and
6. FINRA filing fee costs in the amount of $1,575.00.

In its Answer to Respondent's Counterclaims, Wells Fargo requested denial of the Counterclaims and that Wells Fargo be granted an award against Shaffer for the relief prayed for in the Statement of Claim.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

At the conclusion of Shaffer's case-in-chief, Wells Fargo moved for dismissal of Shaffer's Counterclaims.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. The Panel finds the subject promissory note to be both procedurally and substantively unconscionable. See Armendariz 24 Cal. 4th 83. Wells Fargo Investments, LLC's claims against Kenneth C. Shaffer are denied in their entirety.

2. Wells Fargo Investments, LLC's motion to dismiss Kenneth C. Shaffer's Counterclaims is denied.

3. The Panel recommends the expungement of the Termination Comment in Section 3 of Kenneth C. Shaffer's Form U5 (CRD #871843), filed by Wells Fargo Investments, LLC on October 16, 2009 and maintained by the Central Registration Depository ("CRD"). The current Termination Comment "VIOLATION OF COMPANY POLICIES: 1) REPRESENTATIVE LACKED JUSTIFICATION FOR CHARGING EQUITY SECURITIES MARKUP THAT EXCEEDED THE FIRM'S FULL SERVICE EQUITY SCHEDULE; AND 2) REPRESENTATIVE RECEIVED A WRITTEN CUSTOMER COMPLAINT AND DID NOT FORWARD TO SUPERVISORY PRINCIPAL" shall be expunged in its entirety and replaced with "VIOLATION OF COMPANY POLICIES REGARDING INTRA-COMPANY EMAILS". The Reason for Termination shall remain listed as "Discharged." The Panel finds the language of the Termination Explanation as written and dated October 16, 2009 to be of a defamatory nature and orders it replaced with the above language.

   The Form U5 is not automatically amended to include the changes indicated above. Kenneth C. Shaffer must forward a copy of this Award to FINRA's Registration and Disclosure Department for the amendments to be incorporated into the Form U5.

4. Wells Fargo Investments, LLC is liable for and shall pay Kenneth C. Shaffer compensatory damages in the sum of $75,000.00 as a result of the defamatory nature of the Form U5 Termination Explanation.

5. The parties shall bear their respective costs, including attorneys' fees.

6. Any and all relief not specifically addressed herein, including punitive damages, is denied.

FINRA Dispute Resolution
Arbitration No. 10-00773
Award Page 4 of 5

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial claim filing fee | = $1,750.00 |
| Counterclaim filing fee | = $1,575.00 |

*The filing fee is made up of a non-refundable and a refundable portion.

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Wells Fargo Investments, LLC is assessed the following:

| | |
|---|---|
| Member surcharge | = $1,100.00 |
| Pre-hearing process fee | = $   750.00 |
| Hearing process fee | = $4,000.00 |

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

One (1) Decision on discovery-related motion on the papers
with one (1) arbitrator @ $200.00                                            = $   200.00
    Claimant submitted one discovery-related motion

| | |
|---|---|
| **Total Discovery-Related Motion Fees** | **= $   200.00** |

The Panel has assessed $200.00 of the discovery-related motion fees to Wells Fargo.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) Pre-hearing sessions with Panel @ $1,200.00/session | | | = $2,400.00 |
| Pre-hearing conferences: | September 13, 2010 | 1 session | |
| | December 14, 2010 | 1 session | |
| Four (4) Hearing sessions @ $1,200.00/session | | | = $4,800.00 |
| Hearing Dates: | January 4, 2011 | 2 sessions | |
| | January 5, 2011 | 2 sessions | |

| | |
|---|---|
| **Total Hearing Session Fees** | **= $7,200.00** |

The Panel has assessed $7,200.00 of the hearing session fees to Wells Fargo.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 10-00773
Award Page 6 of 5

## ARBITRATION PANEL

Thomas D. Reese — Public Arbitrator, Presiding Chairperson

Laurel Littman Gothelf — Public Arbitrator

Marlyn G. McClaskey — Non-Public Arbitrator

## Concurring Arbitrators' Signatures

_[signature: Thomas D. Reese]_                    _[signature: 1/14/11]_

Thomas D. Reese                                   Signature Date
Public Arbitrator, Presiding Chairperson

Laurel Littman Gothelf                            Signature Date
Public Arbitrator

Marlyn G. McClaskey                               Signature Date
Non-Public Arbitrator

_January 18, 2011_

Date of Service (For FINRA Dispute Resolution use only)

FINRA Dispute Resolution
Arbitration No. 10-00773
Award Page 6 of 6

## ARBITRATION PANEL

| | | |
|---|---|---|
| Thomas D. Reese | - | Public Arbitrator, Presiding Chairperson |
| Laurel Littman Gothelf | - | Public Arbitrator |
| Marlyn G. McClaskey | - | Non-Public Arbitrator |

## Concurring Arbitrators' Signatures

_____          _____
Thomas D. Reese                                  Signature Date
Public Arbitrator, Presiding Chairperson

_____          _____
Laurel Littman Gothelf                      1-13-2011
Public Arbitrator                                  Signature Date

_____          _____
Marlyn G. McClaskey                          Signature Date
Non-Public Arbitrator

_____
January 18, 2011
Date of Service (For FINRA Dispute Resolution use only)

**PROOF OF SERVICE**
[C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]

I, Sharran L. Rodd, state:

I am a citizen of the United States.  My business address is 2275 E. Bayshore Rd., Suite 100, Palo Alto, CA 94303.  I am employed in the City of Palo Alto, County of Santa Clara where this mailing occurs.   I am over the age of eighteen years and not a party to this action.  On the date set forth below, I served the foregoing documents described as:

**DECLARATION OF KENNETH C. SHAFFER IN OPPOSITION TO WELLS FARGO ADVISORS, LLC'S MOTION TO VACATE ARBITRATION AWARD**

on the following person(s) in this action via ECF addressed as follows:

Fredrick A. Rafeedie, Esq.
Samuel E. Endicott, Esq.
Jones, Bell, Abbott, Fleming & Fitzgerald LLP
601 South Figueroa Street, 27ᵗʰ Floor
Los Angeles, CA 90017-5759

X:    Filed and Served electronically in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Palo Alto, California.

Dated: May 19, 2011

Sharran L. Rodd