IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO ADVISORS, LLC, a limited liability company, | ) Case No. 11-1500 SC ) ) ORDER CONFIRMING |
| Petitioner, | ) ARBITRATION AWARD ) |
| v. | ) ) |
| KENNETH C. SHAFFER, | ) ) |
| Respondent. | ) ) |

## I.   INTRODUCTION

Petitioner Wells Fargo Advisors, LLC ("Wells Fargo") commenced this action seeking vacatur of an arbitration award entered by the Financial Industry Regulatory Authority ("FINRA") in a proceeding Wells Fargo commenced against its former employee, Respondent Kenneth C. Shaffer ("Shaffer").  ECF No. 1 ("Pet.").  Before the Court are two fully briefed motions.  Wells Fargo moves to vacate the award.  ECF Nos. 4 ("Pet.'s Mot."), 30 ("Resp.'s Opp'n"), 35 ("Pet.'s Reply").  Shaffer moves to confirm the arbitration award and for an award of attorneys' fees.  ECF Nos. 26 ("Pet.'s Mot"), 33 ("Resp.'s Opp'n"), 34 ("Pet.'s Reply").  For the following reasons, the Court GRANTS Shaffer's Motion, DENIES Wells Fargo's Motion, CONFIRMS the FINRA arbitration award, and orders Respondent to submit evidence in support of its motion for attorneys' fees.
///

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## II.  <u>BACKGROUND</u>

Wells Fargo commenced FINRA arbitration against Shaffer in February 2010.  Resp.'s Mot. at 2; Kane Decl. Ex. A ("FINRA Cl.").[1] In the claim it submitted for arbitration, Wells Fargo alleged that it is a broker-dealer registered with the U.S. Securities and Exchange Commission ("SEC"), as well as a FINRA member.  <u>Id.</u> ¶ 1. Wells Fargo alleged that Shaffer was employed by Wells Fargo from June 2006 to October 1, 2009.  <u>Id.</u> ¶ 2.  Shaffer's offer of employment included an opportunity for Shaffer to participate in what Wells Fargo calls a "forgivable loan program."  Pet.'s Mot. at 1.  Wells Fargo alleged that Shaffer entered into this loan program on January 4, 2008, when he signed a promissory note ("the Note") with Wells Fargo.  FINRA Cl. ¶ 4.

Under the Note, Wells Fargo loaned Shaffer $111,347 at a 3.58 percent annual interest rate; while Shaffer was obligated to make monthly payments on the loan, Wells Fargo would forgive each monthly payment of principal and interest for each month Shaffer remained employed by Wells Fargo.  <u>Id.</u> ¶¶ 6-7; FINRA Cl. Ex. A ("Note").  Under these terms, if Shaffer continued working for Wells Fargo for sixty months, the loan would be forgiven in its entirety.  <u>Id.</u>  If, however, Shaffer's employment with Wells Fargo was terminated "for any reason whatsoever," the outstanding balance would immediately become due.  <u>Id.</u> ¶ 8.  The Note included an arbitration clause under which both parties agreed to resolve all disputes through binding arbitration before FINRA.  <u>Id.</u> ¶ 4.  The

---

[1] Ronald P. Kane ("Kane"), counsel for Wells Fargo, submitted a declaration in support of Wells Fargo's Motion.  ECF No. 5. Exhibits D through Z, attached to this declaration, were e-filed separately.  ECF Nos. 6-14.

1  Note also included a provision stating that if "any action or

2  lawsuit is required to be brought for collection of any amount

3  under this Note, the Undersigned promises to pay reasonable

4  attorney's fees and costs, including all fees and costs involved in

5  collection."  Note at 2.

6      Wells Fargo alleged that Shaffer's employment was terminated

7  on October 1, 2009, and that Wells Fargo made a written demand for

8  full payment of the $74,617.76 that was then owed on the note.

9  FINRA Cl. ¶¶ 9-10.  Wells Fargo sought this amount plus attorneys'

10  fees, pursuant to a provision in the Note requiring the borrower to

11  pay reasonable attorneys' fees and costs.  Resp.'s Mot. at 3.

12      In April 2010, Shaffer submitted an answer to Wells Fargo's

13  Statement of Claim; in May 2010, Shaffer submitted a counterclaim

14  against Wells Fargo.  Pet.'s Mot. at 1-3.  Shaffer claimed unpaid

15  commissions, alleged discrimination on the basis of a disability,

16  libel, slander, wrongful termination, and defamation.  Id. at 3.

17      A two-day evidentiary hearing before a FINRA panel of three

18  arbitrators commenced on January 4, 2011.  Resp.'s Mot. at 4.

19  Wells Fargo was represented by counsel; Shaffer appeared in pro

20  per.  Id.  The panel heard testimony from Shaffer and from Wells

21  Fargo employees.  Id.  Wells Fargo argued that the promissory note

22  was enforceable against Shaffer and that Shaffer's counterclaims

23  should be dismissed.  Id.  Shaffer argued that Wells Fargo had

24  represented the Note as a "sales bonus" and alleged that its terms

25  were unconscionable.  Kane Decl. Ex. X ("Arb. Tr.") at 311.

26  Shaffer claimed that the reasons provided by Wells Fargo for his

27  termination were pretextual, with Shaffer's "serious illness" being

28  one of the real reasons for termination.  Id. at 311, 322.  Shaffer

**United States District Court**
For the Northern District of California

1   claimed that when it terminated his employement, Wells Fargo filed

2   with FINRA a Uniform Termination Notice for Securities Industry

3   Registration, or "Form U-5," which stated that Shaffer was

4   terminated for violation of company policy and provided

5   descriptions of these infractions.  Id. at 312.  Shaffer alleged

6   that these descriptions were misleading and resulted in Shaffer

7   "repeatedly being refused employment" and "effectively ended"

8   Shaffer's career in the brokerage business.  Id.

9       On January 18, 2011, the FINRA panel issued their award.

10  Shaffer Decl. Ex. 6 ("FINRA Award").  Citing Armendariz v.

11  Foundation Health Psychcare Services, 24 Cal. 4th. 83 (2000), the

12  panel found the promissory note to be both procedurally and

13  substantively unconscionable.  Id. at 3.  The panel dismissed Wells

14  Fargo's motion to dismiss Shaffer's counterclaims.  Id.  The panel

15  recommended the expungement of the language in Shaffer's Form U-5

16  stating that he had charged an excessive fee and failed to forward

17  a customer complaint to his supervisor.  Id.  The panel found Wells

18  Fargo liable to Shaffer for $75,000 in compensatory damages "as a

19  result of the defamatory nature of the Form U5 Termination

20  Explanation."  Id.

21      Wells Fargo then commenced this action to set aside the

22  arbitration award.  See Pet.  Shaffer has filed a motion to confirm

23  the award and for an award of attorneys' fees.  Wells Fargo argues

24  that "the issue of attorney fees is premature."  Pet.'s Opp'n at 1.

25

26  III. **LEGAL STANDARD**

27      Under the Federal Arbitration Act ("FAA"), judicial review of

28  an arbitration award is "both limited and highly deferential."

4

Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996). A court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10 and 11. District courts may vacate an award under four conditions:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

## IV.   **DISCUSSION**

Wells Fargo argues that vacatur of the arbitration award is appropriate under section 10(a)(4) of the FAA, alleging that the FINRA panel exceeded its powers. Specifically, Wells Fargo alleges that the panel ignored California law in ruling that the Note's terms were unconscionable and that Wells Fargo defamed Shaffer through the statements it made on Shaffer's Form U-5. Pet.'s Mot. at 1.

The Ninth Circuit has recognized that vacatur is appropriate under section 10(a)(4) when there has been a manifest disregard for law or the award is completely irrational. Johnson v. Wells Fargo

United States District Court
For the Northern District of California

1  Home Mortg., Inc., 635 F.3d 401, 414 & n.10 (9th Cir. 2011).

2  "'Manifest disregard of the law' means something more than just an

3  error in the law or a failure on the part of the arbitrators to

4  understand or apply the law." Mich. Mut. Ins. Co. v. Unigard Sec.

5  Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995). "It must be clear from

6  the record that the arbitrators recognized the applicable law and

7  then ignored it." Id. Furthermore, the governing law alleged to

8  have been ignored by the arbitrators must be well defined,

9  explicit, and clearly applicable." Carter v. Health Net of

10 California, Inc., 374 F.3d 830, 838 (9th Cir. 2004).

11         Wells Fargo's first argument in favor of setting aside the

12 arbitration award is that the arbitrators manifestly disregarded

13 the law when they found the Note to be unconscionable. Pet.'s Mot.

14 at 6. Under California law, "unconscionability has both a

15 procedural and a substantive element, the former focusing on

16 oppression or surprise due to unequal bargaining power, the latter

17 on overly harsh or one-sided results." Armendariz, 24 Cal. 4th at

18 114. Wells Fargo argues that it provided the panel with two cases,

19 Federal Savings and Loan Insurance Corp., v. Musacchio,

20 695 F. Supp. 1044 (N.D. Cal. 1988) and Koehl v. Verio, Inc., 142

21 Cal. App. 4th 1313 (2006), and contend that the panel manifestly

22 disregarded these cases by finding the Note to be unconscionable.

23 Pet.'s Mot. at 7. Wells Fargo contends that Armendariz holds that

24 a contract cannot be found to be unconscionable unless it is a

25 contract of adhesion, and contends that Musacchio holds that as a

26 matter of law, standardized promissory note forms are not

27 unenforceable contracts of adhesion. Pet.'s Mot. at 7-8.

28         Shaffer challenges Wells Fargo's reading of Armendariz,

**United States District Court**
For the Northern District of California

1   arguing that the case makes it clear that in California,

2   unconscionability is a "case-specific factual determination which

3   depends upon the terms and language of that particular contract,

4   the parties' relationship, and the circumstances under which the

5   contract was made." Resp.'s Opp'n at 6.  Shaffer argues that Wells

6   Fargo does nothing more than attempt to reargue the facts.  Id.

7       The Court agrees with Shaffer.  Having reviewed the record of

8   the arbitration proceedings and the case law cited by Wells Fargo,

9   the Court finds that Wells Fargo has fallen far short of

10  establishing that the panel manifestly disregarded the law in

11  ruling that the Note's terms were unconscionable.

12      Wells Fargo also argues that the panel exceeded its powers in

13  ruling that Wells Fargo defamed Shaffer through statements made in

14  the Form U-5.  Pet.'s Mot. at 13.  Wells Fargo claims: "Under

15  California law, statements made on a Form U-5 by a broker-dealer

16  concerning the reasons for terminating a registered representative

17  are 'privileged' and cannot, as a matter of law, form the basis of

18  a defamation claim."  Id.  Wells Fargo cites Fontani v. Wells Fargo

19  Investments, LLC, 129 Cal. App. 4th 719 (2005), for the proposition

20  that "California law extends an absolute privilege against

21  defamation claims arising out of statements contained in a Form U-

22  5, because the Form U-5 is a communication made 'in anticipation of

23  the bringing of an action or other official proceeding.'"  Pet.'s

24  Mot. at 13.

25      Shaffer counters that this "is not an accurate statement of

26  California law."  Resp.'s Opp'n at 12.  Shaffer argues that Action

27  Apartment Association, Inc. v. City of Santa Monica abrogates

28  Fontani with its holding that "a prelitigation communication is

**United States District Court**
For the Northern District of California

1  privileged only when it relates to litigation that is contemplated
2  in good faith and under serious consideration." 41 Cal. 4th 1232,
3  1251-52 (2007).

4     The Court agrees with Shaffer -- given the highly deferential
5  standard of review afforded under the FAA, the Court finds that the
6  panel did not ignore law that was defined, explicit, and clearly
7  applicable in finding that Wells Fargo defamed Shaffer.

8     For these reasons, Wells Fargo's motion to set aside the
9  arbitration award is DENIED, and Shaffer's motion to confirm the
10 award is GRANTED.

11    Shaffer seeks an award of attorneys' fees, citing the Note's
12 one-sided attorneys' fees provision. Resp.'s Mot. at 5; Note at 2.
13 Shaffer argues that this attorneys' fees provision interpreted in
14 light of section 1717 of California's Civil Code, which states that
15 one-sided attorneys' fees provisions in contracts permit the party
16 who prevails at trial, "whether he or she is the party specified in
17 the contract or not," to collect "reasonable attorney's fees in
18 addition to other costs." Cal. Civ. Code § 1717(a).

19    Wells Fargo argues that Shaffer's motion for attorneys' fees
20 is premature, citing Rule 54(d)(2) of the Federal Rules of Civil
21 Procedure. Pet.'s Opp'n at 1. This argument is without merit.
22 Rule 54(d)(2) requires a claim for attorneys' fees to be made on a
23 motion; by filing the instant motion for confirmation of the
24 arbitration award and for attorneys' fees, Shaffer has satisfied
25 this requirement. Having reviewed the Note and the applicable law,
26 the Court finds that Shaffer is entitled to recover the attorneys'
27 fees incurred in enforcing the arbitration award and participating
28 in this action. Within thirty (30) days of this Order, Shaffer's

**United States District Court**
For the Northern District of California

1   counsel shall file a declaration stating the amount in attorneys'

2   fees Shaffer alleges to have incurred in defending this action and

3   enforcing the arbitration award; this declaration should be

4   supported by appropriate evidence, including detailed attorney time

5   logs.  Wells Fargo shall have seven (7) days to register objections

6   to this evidence.

7

8   **V.    CONCLUSION**

9        For the foregoing reasons, the Court DENIES the motion and

10  petition of Petitioner Wells Fargo Advisors, LLC to vacate an

11  arbitration award entered by the Financial Industry Regulatory

12  Authority in an arbitration proceeding against Respondent Kenneth

13  C. Shaffer.  The Court GRANTS Shaffer's motion to confirm the

14  arbitration award.  The Court will enter judgment in the amount of

15  $75,000 plus attorneys' fees after the Court reviews evidence

16  submitted on the issue of attorneys' fees.

17

18       IT IS SO ORDERED.

19

20       Dated: July 7, 2011

21                                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28